1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

11  DEANGELO CARROLL,                          Case No. 2:20-cv-01691-GMN-NJK

12                          Petitioner,         **ORDER**

13            v.

14  JAMES DZURENDA, et al.,

15                          Respondents.

16

17          This is a habeas corpus action under 28 U.S.C. § 2254.  The court directed petitioner,

18  Deangelo Carroll, to pay the filing fee.  ECF No. 3.  Carroll has paid the fee.  ECF No. 6.

19  Currently before the court are the petition itself and Carroll's ex parte motion for appointment of

20  counsel.  The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254

21  Cases in the United States District Courts.

22          If the court had no previous experience with the facts underlying this case, then the court

23  would require Carroll to file an amended petition pro se.  Some grounds, or parts of grounds, have

24  defects that can be corrected.  Parts (a) through (e) of ground 1 ostensibly are claims that trial

25  counsel and appellate counsel provided ineffective assistance in the litigation over a police

26  custodial interrogation without the warnings required by Miranda v. Arizona, 384 U.S. 436

27  (1966).  However, in those 7 pages are at least 18 confusing, prolix, and distinct claims of

28  ineffective assistance of counsel, trial court error, appellate court error, and conspiracies among

1

court officers.  Moreover, Carroll has interspersed parts of claims among parts of other claims in those 7 pages.  Part (i) of ground 1 and part of ground 3 contain claims that trial counsel failed to object to prosecutorial misconduct, but Carroll does not allege what that misconduct was.

However, the court has some familiarity with the facts of this case.  It arises from the murder of Timothy Hadland in 2005.  Three other people have petitioned for habeas corpus relief from judgments of conviction arising out of the same murder:  Kenneth Counts, Case No. 2:11-cv-01571-JAD-GWF, Luis Hidalgo, III, Case No. 3:16-cv-00618-MMD-WGC, and Luis Hidalgo, Jr., Case No. 3:18-cv-00153-MMD-CLB.  Multiple trials occurred.  Two other co-defendants, who have not petitioned for relief, pleaded guilty and testified for the prosecution.  Carroll blames a seventh person, who apparently was not charged, with Hadland's death.

The issues of this case are complex, and Carroll would benefit from representation by counsel.  Although Carroll paid the filing fee, his application to proceed in forma pauperis shows that he is unable to afford counsel.  See 18 U.S.C. § 3006A(a)(2)(B).  The court thus will appoint counsel.  Following the court's practice, the court will provisionally appoint the Federal Public Defender.  However, the court notes that the Federal Public Defender had conflicts of interest in the Hidalgos' cases.

IT THEREFORE IS ORDERED that the clerk of the court file the petition and the ex parte motion for appointment of counsel.

IT FURTHER IS ORDERED that petitioner's ex parte motion for appointment of counsel is **GRANTED**.  The counsel appointed will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.  The provisional grant of the motion is subject to the petitioner paying the filing fee within 30 days of entry of this order.

IT FURTHER IS ORDERED that the Federal Public Defender will have 30 days from the date of entry of this order either to undertake representation of petitioner or to indicate to the court the office's inability to represent petitioner.  If the Federal Public Defender is unable to represent petitioner, then the court will appoint alternate counsel, subject again to establishment of financial eligibility.  The court will set a deadline for filing of an amended petition or a motion

2

1  seeking other relief after counsel has appeared.  The court anticipates setting the deadline for 120

2  days from entry of the formal order of appointment.  The court does not signify any implied

3  finding of tolling during any time period established or any extension granted.  Petitioner always

4  remains responsible for calculating the limitation period of 28 U.S.C. § 2244(d)(1) and timely

5  presenting claims.  The court makes no representation that the petition, any amendments to the

6  petition, and any claims in the petition or amendments are not subject to dismissal as untimely.

7  See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

8          IT FURTHER IS ORDERED that the motion for leave to file additional grounds is

9  **GRANTED**.

10         IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the

11  State of Nevada, as counsel for respondents.

12         IT FURTHER IS ORDERED that respondents' counsel must enter a notice of appearance

13  within twenty-one (21) days of entry of this order, but no further response will be required from

14  respondents until further order of the court.

15         IT FURTHER IS ORDERED that the clerk shall provide copies of this order and all prior

16  filings to both the Attorney General and the Federal Public Defender in a manner consistent with

17  the clerk's current practice, such as regeneration of notices of electronic filing.

18         IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies

19  of any electronically filed exhibits need not be provided to chambers or to the staff attorney,

20  unless later directed by the court.

21         DATED:  November 5, 2020

22                                                          _____

23                                                          GLORIA M. NAVARRO
                                                           United States District Judge

24

25

26

27

28

                                                3