UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEANGELO CARROLL,<br><br>Petitioner,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>Respondents. | Case No. 2:20-cv-01691-GMN-NJK<br><br>**Order Denying Motion to Dismiss**<br><br>(ECF No. 33) |

In his 28 U.S.C. § 2254 habeas corpus petition Deangelo Carroll challenges his first-degree murder conviction, alleging *Miranda* violations and ineffective assistance of trial and appellate counsel. (ECF No. 23.) Respondents move to dismiss the petition on the basis that ground two is unexhausted. (ECF No. 33). The court concludes that ground 2 is technically exhausted because it would be deemed procedurally barred if Carroll returned to state court to present the claim. Accordingly, the motion to dismiss is denied and a decision on whether Carroll can demonstrate cause and prejudice to overcome the procedural bar is deferred to the merits decision.

**I.    Background**

A jury convicted Carroll of first-degree murder with use of a deadly weapon and conspiracy to commit murder. (Exh. 129.)[1] The state district court sentenced him to terms that amounted to life in prison with the possibility of parole after 40 years. (Exh.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 33, and are found at ECF Nos. 34-39.

1

142.) Judgment of conviction was entered in September 2010. (*Id*.) An amended judgment of conviction was filed in March 2011. (Exh. 146.)

Carroll did not file a timely direct appeal. In December 2011, Carroll filed a counseled petition for writ of habeas corpus requesting relief under *Lozada v. State*, 871 P.2d 944, 946 (Nev. 1994.)[2] The state district court held an evidentiary hearing and granted the petition. (Exhs. 154, 155.)

The state district court appointed new counsel, and Carroll filed a direct appeal in May 2013. (Exh. 159.) The State filed a motion to dismiss the appeal, arguing that both the habeas petition and the notice of appeal had been untimely filed. (Exh. 162.) The Nevada Supreme Court remanded for the limited purpose of holding an evidentiary hearing on whether Carroll established good cause to excuse the delay in filing his habeas petition. (Exh. 169.) The state district court conducted an evidentiary hearing and held that Carroll established good cause to excuse the late filing of his postconviction habeas petition. (Exh. 178.) The Nevada Supreme Court affirmed the convictions and sentences in April 2016. (Exh. 217.) That court denied Carroll's petition for rehearing and petition for en banc consideration. (Exhs. 220, 221, 224, 225.) In May 2017, Carroll filed a pro se state postconviction habeas petition. (Exh. 230.) The Nevada Court of Appeals affirmed the denial of the petition in February 2020. (Exh. 253.)

Carroll dispatched his federal habeas petition for mailing in August 2020. (ECF No. 7.) This court appointed counsel, and he filed a counseled, amended petition in January 2022 that sets forth 5 grounds for relief:

Ground 1: The court admitted Carroll's interrogation into evidence despite police failing to comply with *Miranda v. Arizona,* 384 U.S. 436 (1966).

---

[2] The Nevada Supreme Court held in *Lozada* that an attorney's failure to timely file a notice of appeal without obtaining client consent to forgo an appeal could constitute grounds for habeas relief. In *Roe v. Folores-Ortega*, 528 U.S. 470 (2000) the Supreme Court explained that an attorney's failure to pursue an appeal without client consent is subject to analysis under *Strickland v. Washington*, 466 U.S. 668 (1994).

Ground 2: The court admitted Carroll's wire recordings into evidence despite the police failing to comply with *Miranda*.

Ground 3: Carroll's trial attorneys rendered ineffective assistance because (A) they failed to seek suppression of the wire recordings and (B) they failed to impeach Rontae with his prior statement to Calvin Williams.

Ground 4: Carroll's appellate counsel was ineffective for failing to argue that the wire recordings should have been suppressed due to the *Miranda* violation.

(ECF No. 23 at 11-27.)

Respondents move to dismiss the amended petition. (ECF No. 33.) Carroll filed an opposition, and respondents replied. (ECF Nos. 41, 42.)

## II. Legal Standard & Analysis

### a. The parties agree that ground 2 is unexhausted.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). The parties agree that ground 2, the claim that the trial court erred by admitting Carroll's wire recordings into evidence despite the police failing to comply with *Miranda*, is unexhausted. (ECF No. 23 at 20, ECF No. 33 at 7, ECF No. 41 at 2-4.)

### b. Ground 2 would be procedurally defaulted if Carroll returns to state court to present the claim; the court defers a decision on whether he can demonstrate cause and prejudice to excuse the default to the merits analysis.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts, but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law

3

ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

To demonstrate a fundamental miscarriage of justice, a petitioner must show the constitutional error complained of probably resulted in the conviction of an actually innocent person. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This is a narrow exception, and it is reserved for extraordinary cases only. *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). Bare allegations unsupplemented by evidence do not tend to establish actual innocence sufficient to overcome a procedural default. *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

Carroll argues that this court should deem ground 2 technically exhausted but apply "anticipatory default." He acknowledges that if he returned to the state courts with this claim it would be defaulted as untimely and successive. See 28 U.S.C. §2254(b)(1)(B). "A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Id.* "A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 566 U.S. 1, 10 (2012) (citing *Coleman v. Thompson*, 501 U.S. at 750)).

The court agrees that if Carroll returned to state court and presented federal ground two as a federal constitutional claim, the courts would find the claim procedurally barred as untimely and successive. Carroll next contends that he can demonstrate cause and prejudice to overcome the procedural bar because his appellate counsel was ineffective for failing to litigate the underlying constitutional claim in ground 2. (ECF No. 41.) When a petitioner attempts to use trial or appellate counsel ineffectiveness as a cause argument, the petitioner must show the ineffective assistance argument itself is an exhausted claim and itself isn't procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Carroll raised the alleged ineffectiveness of appellate counsel in federal ground 4, and this claim was exhausted during the state post-conviction appeal. (*See* Exhs. 230, 253.) Whether Carroll can establish cause and prejudice to excuse the procedural default turns on the merits of grounds 2 and 4. Thus the court defers a ruling on the cause and prejudice issue until the merits of the claims are briefed in respondents' answer and Carroll's reply brief. The parties may also further address procedural default in the answer and the reply.

### III. Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **(ECF No. 33) is DENIED** as set forth in this order.

IT IS FURTHER ORDERED that respondents have **45 days** from the date this order is entered to file an answer to the amended petition.

IT IS FURTHER ORDERED that petitioner has **30 days** from the date that the answer is filed to file a reply in support of his petition.

DATED: 4 May 2023.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE